IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LEROY COOK, SR., | § | |
| | § | No. 186, 2014 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID 0608025757 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: June 10, 2014
Decided: June 26, 2014

Before **STRINE**, Chief Justice, **HOLLAND**, and **RIDGELY**, Justices

# **O R D E R**

This 26th day of June 2014, after careful consideration of the opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Leroy Cook, Sr., filed this appeal from a decision of the Superior Court dated April 24, 2014, which denied his motion for appointment of counsel and summarily dismissed his sixth motion for postconviction relief. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Cook's opening brief that his appeal is without merit. We agree and affirm.

(2)     Cook pled guilty in January 2008 to one count of second degree rape.  The Superior Court sentenced him to twenty-five years at Level V incarceration to be suspended after serving twelve years in prison for decreasing levels of supervision.  Cook did not appeal.  Instead, in October 2009, he filed a motion for postconviction relief and a motion for appointment of counsel, which the Superior Court denied.  We affirmed the Superior Court's decision on appeal.[1] Since then, Cook has filed second, third, fourth, and fifth motions for postconviction relief.  We affirmed the Superior Court's summary dismissal of each motion.[2]

(3)     In December 2013, Cook filed his sixth motion for postconviction relief along with a motion requesting the appointment of counsel.  Cook argued that: (i) the indictment against him was defective; (ii) his counsel was ineffective for allowing him to plead guilty when the indictment was defective; and (iii) counsel was ineffective for failing to file a direct appeal. The Superior Court summarily dismissed Cook's motion and denied his motion for appointment of counsel.  This appeal followed.

(4)     In his two-page opening brief on appeal, Cook contends that the Superior Court abused its discretion when it denied his motions for

[1] *Cook v. State*, 2010 WL 682545 (Del. Feb. 26, 2010).

[2] *See Cook v. State*, 2012 WL 6155911 (Del. Dec. 10, 2012); *Cook v. State*, 2012 WL 3096623 (Del. July 30, 2012); *Cook v. State*, 2011 WL 880847 (Del. Mar. 10, 2011); *Cook v. State*, 2010 WL 3565495 (Del. Sept. 14, 2010).

postconviction relief and for the appointment of counsel. Cook argues that his sixth postconviction motion should have been treated like it was his first because he was not afforded counsel to pursue his first postconviction motion.

(5) There is no merit to Cook's argument. Superior Court Criminal Rule 61(e)(1) was amended in May 2013 to provide that the Superior Court "will appoint counsel for an indigent movant's first postconviction proceeding."[3] That rule change, however, only applied to postconviction motions filed on or after May 6, 2013 and was not made retroactive.[4] Cook had no right to the appointment of counsel to pursue his sixth postconviction motion. We, therefore, find no abuse of the Superior Court's discretion in denying Cook's motion for appointment of counsel or in summarily dismissing Cook's previously litigated claims.

(6) We find it manifest on the face of Cook's opening brief that the judgment below should be affirmed on the basis of the Superior Court's well-reasoned decision dated April 24, 2014. The Superior Court did not abuse its discretion in denying Cook's motion for counsel nor did it err in

---

[3] Del. Super. Ct. Crim. R. 61(e)(1) (2014). Since Cook filed his latest appeal, the Superior Court has again amended Rule 61(e)(1), effective June 4, 2014, to distinguish between cases in which the trial judge shall appoint counsel to assist an indigent movant in pursuing postconviction relief from cases in which the trial judge may appoint counsel in the judge's discretion.

[4] *See Roten v. State*, 2013 WL 5808236 (Del. Oct. 28, 2013).

concluding that Cook's sixth motion for postconviction relief was procedurally barred and that Cook had failed to overcome the procedural hurdles.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice